# EXHIBIT A

# State of Tennessee
## IN THE CHANCERY COURT FOR HAMILTON COUNTY

__MELISSA DENTON__
**PLAINTIFF**

VS.

DOCKET NO. __22-0319__

__QUANTUM RESTAURANTS, LLC__
**DEFENDANT**

## SUMMONS

TO DEFENDANT: __Quantum Restaurants, LLC__

WHOSE ADDRESS IS __3604 Hal Drive, Chattanooga, TN 37416-2311__

OTHER SERVICE INFORMATION __Serve Registered Agent: Doug Hall, 4604 Hal Dr., Chattanooga, TN 37416-2311__

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CLERK & MASTER, 625 Georgia Avenue, Room 300 Courthouse, Chattanooga, Tennessee 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

ISSUED & TESTED this __9__ day of __May__, 20__22__

ROBIN L. MILLER, CLERK & MASTER

By: __Angela Poole__
**DEPUTY CLERK & MASTER**

__Harry F. Burnette, BPR # 004803__
Plaintiff' Attorney                    BPR#
or Plaintiff if no attorney (*pro se*)

__Burnette, Dobson & Pinchak__
Address

__711 Cherry St.__

__Chattanooga, TN 37402__

__(423) 266-2121__          __(423) 266-3324__
. NO.                       Fax NO.

**NOTICE TO DEFENDANT(S)**
Tennessee Code Annotated § 26-2-103 provides a $10,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

IN THE CHANCERY COURT OF HAMILTON COUNTY, TENNESSEE

| | |
|---|---|
| MELISSA DENTON, | * |
| | * |
| Plaintiff | * |
| | * NO. 22-0319 |
| v. | * |
| | * PART _____ |
| QUANTUM RESTAURANTS, LLC, | * |
| | * JURY DEMAND |
| Defendant | * |

## COMPLAINT

Comes Plaintiff and sues Defendant for damages and other relief in the amount of $500,000, showing the Court as follows:

I.     JURISDICTION

    1.     The jurisdiction of this Court is invoked by Plaintiff to secure protection and redress for the deprivation of rights guaranteed by the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, Title VII; the Equal Pay Act, 29 U.S.C. §206 *et. seq.;* and the Tennessee Human Rights Act, T.C.A. §4-21-311, *et seq.*, THRA, as amended, prohibiting sex discrimination and retaliation in employment and requiring equal pay.

II.     NATURE OF PROCEEDING

    2.     This is a proceeding for back pay and benefits due Plaintiff; for injunctive relief requiring Defendant's re-employment of Plaintiff at her former position at a wage equal to that of male employees or front pay in lieu of reinstatement; for compensatory damages; punitive damages; liquidated damages, costs, prejudgment interest and attorney fees; and for such additional relief as may be necessary to effectuate the purposes of Title VII, the Equal Pay Act, and the THRA.

III. THE PARTIES

3. At all times material to this complaint, Plaintiff Melissa Denton was a resident of Cleveland, Bradley County, Tennessee.

4. Defendant Quantum Restaurants, LLC operates its business through its headquarters in Chattanooga, Hamilton County, Tennessee.

5. Plaintiff was employed at Defendant's Chattanooga location, and the matters giving rise to this complaint occurred in Chattanooga, Hamilton County, Tennessee.

6. This Honorable Court has jurisdiction over the parties and the subject matter of this lawsuit pursuant to Title VII, the Equal Pay Act, and the THRA.

IV. FACTUAL BASIS

7. Plaintiff was employed by Defendant as Human Resources Director from October 18, 2018, until her constructive discharge on May 26, 2021.

8. At the beginning of her employment, Plaintiff reported directly to the head of the company, Mike Lover. Plaintiff received praise for her work and good evaluations under Mr. Lover.

9. In mid-2020, Defendant terminated Mr. Lover and a female director, Elizabeth Hankins. The termination of Ms. Hankins left Plaintiff as the only female director employed by Defendant.

10. Chief Financial Officer Doug Hall was placed in Mr. Lover's position and took over all of his responsibilities including the management of Plaintiff.

11. Mr. Hall showed disdain for female employees. For example, Mr. Hall criticized Plaintiff and told her that her work hours had to change even though Plaintiff was working a full eight hours at the office and later from home.

12. In early 2020, male directors were given large bonuses or stock for their performance in 2019. Plaintiff was told that Defendant's books had to be completed before her bonus would be paid.

13. Plaintiff received a bonus in October 2020 for her performance in 2019. This bonus was less than that paid to the male directors.

14. In early 2021, male directors including Mr. Hall received large bonuses from Defendant including $35,000 and $60,000 bonuses. Some of the male directors receiving bonuses had been with Defendant only a short time.

15. Plaintiff did not receive any bonus during 2021. Instead of a 2021 bonus, Plaintiff was offered a spa treatment.

16. Plaintiff also recognized that female store managers were paid less in salary or bonuses than comparable males. Plaintiff objected to this treatment of the females.

17. Mr. Hall made degrading comments to Plaintiff about being female and about her religion. As an example, when discussing the company's Christmas party, Mr. Hall said that Plaintiff was not an attractive package being older and with a child. He also said that Christians are religious fanatics. These are just a few of Mr. Hall's many comments toward Plaintiff about her sex or the sex of female employees and her religious beliefs.

18. In May 2021, Plaintiff received a notice through an internet website that Mr. Hall had posted her job on the internet. Plaintiff had not indicated that she was leaving her employment, nor had she received notice that she was terminated. However, due to Mr. Hall seeking someone to replace Plaintiff, Plaintiff was forced to search for other employment.

19. Plaintiff resigned her employment because she knew that Defendant was going to replace her. She saw that she was being replaced by a male before her employment ended.

20. The male employee hired by Mr. Hall was paid a greater starting salary than Plaintiff had received when she began with Defendant. The male was also promised bonuses, which Plaintiff had been denied.

21. With Plaintiff's constructive discharge, Defendant had only males in the director's positions.

V. CLAIMS

22. Defendant discriminated against Plaintiff on the basis of her sex in violation of 42 U.S.C. §2000e, *et seq.* and T.C.A. §4-21-401, *et. seq.*

23. Defendant discriminated against Plaintiff in retaliation for opposing sex discrimination in violation of 42 U.S.C. §2000e, *et seq.* and T.C.A. §4-21-301, *et. seq.*

24. Defendant discriminated against Plaintiff in the payment of wages. Comparable male employees were paid greater wages than Plaintiff in violation of 29 U.S.C. §206(d)(1), *et seq.*

25. Defendant is responsible for the acts of its supervisory employees.

VI. JURISDICTIONAL PREREQUISITE

26. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, 494-2021-01979. Plaintiff has received her Notice of Right to Sue, which is attached.

VII. DAMAGES

27. Plaintiff lost and will continue to lose salary, bonuses, opportunities and advancement, and various employee benefits, which she would have earned had she been compensated equal to the

compensation of male employees and allowed to continue in her position and employment with Defendant.

28. Plaintiff has suffered great mental anguish resulting from the embarrassment and humiliation that she experienced because of Defendant's actions.

VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

a. That service be issued and properly served upon Defendant and Defendant be required to answer within the time prescribed by law;

b. That upon the hearing of this cause, Plaintiff be awarded judgment for damages for lost wages, bonuses and the value of all employment benefits which she has lost from the date of Defendant's discriminatory action;

c. That upon hearing of this cause, Plaintiff be awarded wages equal to that of comparable male employees;

d. That the Court issue an injunction requiring Defendant to re-employ Plaintiff at her former position with all employment rights and benefits to which she would have been entitled, and without harassment or illegal conditions imposed on her job, or, in the alternative, front pay and benefits in lieu of reinstatement;

e. That Plaintiff be awarded additional compensatory damages for humiliation and embarrassment and emotional distress, pursuant to 42 U.S.C. §2000e, *et seq*. and T.C.A. 4-21-401, *et. seq.*;

f. That Plaintiff be awarded liquidated damages for Defendant's refusal to pay her wages equal to that of the male employees, pursuant to 29 U.S.C. §216, *et.* seq.;

g. That Plaintiff be awarded attorney fees and such other and further relief as the Court deems proper pursuant to 42 U.S.C. §2000e, *et seq.,* 29 U.S.C. §216, *et. seq.*, and T.C.A. §4-21-101, *et seq.*; and

f. Plaintiff demands a jury to try all claims and issues triable by a jury.

BURNETTE, DOBSON & PINCHAK

BY: _____
Harry F. Burnette, BPR #004803
Frank P. Pinchak, BPR #002094
*Attorneys for Plaintiff*
711 Cherry Street
Chattanooga, TN 37402
Phone: (423) 266-2121
Fax: (423) 266-3324
fpinchak@bdplawfirm.com
hburnette@bdplawfirm.com

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Melissa J. Denton<br>1703 Old Parksville Road NE<br>CLEVELND, TN 37323 | From: | Nashville Area Office<br>220 Athens Way, Suite 350<br>Nashville, TN 37228 |
|---|---|---|---|

| EEOC Charge No.<br>494-2021-01979 | EEOC Representative<br>Veronica Takacs,<br>Investigator | | Telephone No.<br>629-236-2261 |
|---|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By:Edmond Sims
04/18/2022

Enclosures(s)

**Edmond Sims**
**Acting District Director**

cc: Michelle W Johnson
Nelson Mullins Riley & Scarborough
michelle.johnson@nelsonmullins.com

Shara Claybrook
Quantum Restaurants, LLC
Shara.Claybrook@lcquantum.com

Tammie Dickson
BURNETTE, DOBSON & PINCHAK
tdickson@bdplawfirm.com

Harry F Burnette
BURNETTE, DOBSON & PINCHAK
hburnette@bdplawfirm.com

IN THE CHANCERY COURT OF HAMILTON COUNTY, TENNESSEE

| | |
|---|---|
| MELISSA DENTON, | * |
| | * |
| Plaintiff | * |
| | * NO. 22-0319 |
| Vs. | * |
| | * PART _____ |
| QUANTUM RESTAURANTS, LLC, | * |
| | * JURY DEMAND |
| Defendant | * |

## COST BOND

The undersigned acknowledges and hereby binds the undersigned for the payment of all costs in this court which may at any time be adjudged against the plaintiff in the event said plaintiff shall not pay the same if so ordered by this court.

Witness my hand this \_\_6\_\_ day of \_\_May\_\_, 2022.

BURNETTE, DOBSON & PINCHAK

BY: _____, Surety
Frank P. Pinchak, Esq., #02094
Harry F. Burnette, Esq., #004803
711 Cherry Street
Chattanooga, TN 37402
(423) 266-2121
(423) 266-3324 fax